## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA
## OKLAHOMA CITY DIVISION

| | | |
|---|---|---|
| **PAUL LANGSTON**, on behalf of himself and others similarly situated, | ) ) ) | Docket No. CIV-21-226-HE |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **COLLECTIVE ACTION COMPLAINT** |
| **SENTRY ON-SITE SECURITY CORPORATION**, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

Plaintiff Paul Langston, by and through counsel, and for his Complaint against Defendant Sentry On-Site Security Corporation states and alleges the following:

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant misclassified Plaintiff and others similarly situated as independent contractors, paying them straight time only for hours worked in excess of 40 in a workweek. Defendant also did not pay Plaintiff and those similarly situated for all hours worked and did not count such compensable hours towards their weekly totals, which also resulted in unpaid overtime.

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division.

4.      At all times relevant herein, Plaintiff Langston has been a citizen of the United States and a resident of Oklahoma County. Plaintiff's Consent to Join Form is attached as **Exhibit A**.

5.      At all times relevant herein, Plaintiff and those similarly situated were employees within the meaning of 29 U.S.C. § 203(e).

6.      At all times relevant herein, Plaintiff and those similarly situated were not exempt from the protections of the FLSA.

7.      At all times relevant herein, Defendant has been a for-profit corporation, organized and existing under the laws of the State of Texas, and doing and conducting business throughout the State of Oklahoma, including in this District and Division.

8.      Defendant can be served through its registered agent: InCorp Services, Inc., at 324 N Robinson Avenue, Oklahoma City, OK 73102.

9.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10.     At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11.     At all times relevant herein, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     At all times relevant herein, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

13.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14.     Defendant's "provides off-duty police officers or licensed security guards to provide round-the-clock, on-site security" and its "team of dedicated officers, coordinators and managers remain involved in every aspect of each project from start to finish."[1]

### (Misclassification as Independent Contractors)

15.     Plaintiff and those similarly situated were employed by Defendant as hourly, non-exempt security workers.

16.     Plaintiff was employed for approximately a year until about November or December 2020. His hourly rate was approximately $15.00.

17.     Defendant misclassified Plaintiff and those similarly situated as independent contractors.

18.     However, as a matter of "economic realities", Plaintiff and those similarly situated should have been classified as employees.

19.     For example, Defendant had the power to hire and fire Plaintiff and those similarly situated, it supervised and controlled their work schedules and conditions of employment, it determined their rates and methods of payment, and it maintained employment records.

20.     Defendant's website documentation states:

   a.  Sentry On-site Security Corp. is an at-will **employer** and reserves the right to **terminate** contract **employees** without cause.

   b.  Violation of company policies, unethical behavior, or any form of misconduct may result in disciplinary action or termination of **employment**.

---

[1] http://sostx.us (last viewed on 3/14/21) (emphasis added).

Disciplinary action may include verbal or written warning, suspension, or termination.[2]

21.     Defendant identifies the following non-inclusive prohibited conduct that will result in immediate dismissal:

      c.   Refusal to work a scheduled shift;

      d.   Unexcused no call/no show absence(s);

      e.   Unauthorized absence from assigned work area;

      f.   Job Performance that is unacceptable;

      g.   Insubordination; and,

      h.   Any other reason that company feels warrants termination.[3]

**(Failure to Pay for Pre-Shift Work)**

22.     Plaintiff and other similarly situated employees were required to arrive at work 10 to 15 minutes before their scheduled shift for "pass on", which involves several shift-change duties.

23.     Employees who do not report 10 to 15 minutes early, as required, for "pass on" are subject to discipline.

24.     Plaintiff and other similarly situated workers were not paid any amount for the pre-shift "pass on" work, and such time was not counted as hours worked for purposes of computing overtime.

---

[2] http://sostx.us/wp-content/uploads/2020/11/SOS-RULES-REGULATIONS.pdf (last viewed 3/14/21).
[3] *Id*.

25.     Similarly, if Plaintiff or others similarly situated had to stay late to perform "pass on", such time was also unpaid and not counted as hours worked.

26.     Plaintiff and other similarly situated security workers performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

27.     There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in when the performed the pre-shift "pass on" duties.

28.     This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

29.     Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly situated employees.

30.     For example, "pass on" was necessary for security workers to communicate with each other any issues that arose on the proceeding shift and any issues that need addressed on the following shift.

31.     They could not perform the jobs they were hired to do without performing "pass on".

32.     "Pass on" is an integral and indispensable part of providing "round-the-clock, on-site security coverage" and necessary for security officers to "remain involved in every aspect of each project from start to finish."

**(Failure to Pay Overtime)**

33.     Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

34.     For example, Plaintiff worked upwards to 80 hours a week.

35.     Plaintiff and other similarly situated security workers were paid on an hourly basis.

36.     Because Defendant misclassified Plaintiff and those similarly situated, it did not pay them for hours worked in excess of 40 in a workweek at a rate of not less of one and one-half times their regular rates.

37.     Instead, Defendant paid them straight time only for hours worked in excess of 40 in a workweek.

38.     Failure to pay Plaintiff and those similarly situated overtime compensation at one and one-half times their regular rates resulted in unpaid overtime in violation of the FLSA.

39.     Failure to pay this pre- and/or post-shift compensable work resulted in unpaid overtime in violation of the FLSA.

40.     Defendant's violations were knowing and willful.

**(Failure to Keep Accurate Records)**

41.     Defendant failed to make, keep and preserve records of the unpaid pre- and/or post-shift work.

42.     Because Defendant did not keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate.

6

43.     The amount of time Plaintiff and other similarly situated security workers spent on their required and unpaid pre- and/or post-shift work amounted to approximately 10 to 15 minutes or more per day.

## COLLECTIVE ACTION ALLEGATIONS

44.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on his own behalf, and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

45.     The classes which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, are composed of and defined as:

> **All current and former hourly security workers classified as independent contractors who performed work for Defendant and who worked 40 hours or more in any workweek during the period from 3 years preceding the filing of this Complaint through its final disposition**;
>
> - and –
>
> **All current and former full-time hourly security independent contractors and employees employed by Defendant who relieved a preceding shift and/or was relieved by a subsequent shift at any time from the 3 years preceding the filing of this Complaint through its final disposition.**

46.     The two foregoing classes will be jointly referenced as the Classes.

47.     At this time, Plaintiff is unable to state the exact size of the potential Classes, but upon information and belief avers that they consist of more than several hundred people.

48.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees in the Classes and is acting on behalf of their interests, as well as his own, in bringing this action.

49.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records.

50.     These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

51.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52.     Defendant's practice and policy of misclassifying Plaintiff and those similarly situated and not paying them overtime compensation at a rate of at least one and one-half times their regular rates violated the FLSA.

53.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for compensable pre- and/or post-shift work performed each day violated the FLSA because it resulted in unpaid overtime compensation.

8

54.     Defendant's failure to keep records of all hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

55.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

56.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.     Award Plaintiff and the Classes he represents actual damages for unpaid overtime compensation;

D.     Award Plaintiff and the Classes he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the Classes;

E.     Award Plaintiff and the Classes he represents pre- and/or post-judgment interest at the statutory rate;

F.     Award Plaintiff and the Classes he represents attorneys' fees and costs; and,

G.      Award Plaintiff and the Classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (Ohio Bar # 0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:    (614) 824-5770
Facsimile:    (330) 754-1430
Email:        rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio Bar # 0076017)
Shannon M. Draher (Ohio Bar # 0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:    (330) 470-4428
Facsimile:    (330) 754-1430
Email:        hans@ohlaborlaw.com
              sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab