IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | |
|---|---|
| **PAUL LANGSTON** and **VALERIE EASLEY**, <br><br> Plaintiffs, <br><br> v. <br><br> **SENTRY ON-SITE SECURITY CORPORATION**, <br><br> Defendant. | Docket No. 5:21-cv-00226 <br><br> **AMENDED COMPLAINT**[1] <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Paul Langston and Valerie Easley, by and through counsel, and for their Amended Complaint against Defendant Sentry On-Site Security Corporation state and allege the following:

1. This action is instituted by Plaintiffs as a result of Defendant's practices and policies that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant misclassified Plaintiffs as independent contractors, paying them straight time only for hours worked in excess of 40 in a workweek. Defendant also did not pay Plaintiffs for all hours worked and did not count such compensable hours towards their weekly totals, which also resulted in unpaid overtime.

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

---

[1] The Complaint is amended for the purposes of settlement and with Defendant's written consent pursuant to Fed. R. Civ. P. 15(a)(2). Valerie Easley is added as a Named Plaintiff and the collective FLSA claims are removed.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division.

4. At all times relevant herein, Plaintiffs have been citizens of the United States and residents of Oklahoma County.

5. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Plaintiffs were not exempt from the protections of the FLSA.

7. At all times relevant herein, Defendant has been a for-profit corporation, organized and existing under the laws of the State of Texas, and doing and conducting business throughout the State of Oklahoma, including in this District and Division.

8. Defendant can be served through its registered agent: InCorp Services, Inc., at 324 N. Robinson Avenue, Oklahoma City, OK 73102.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiffs were employees engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

13. Defendant "provides off-duty police officers or licensed security guards to provide round-the-clock, on-site security" and its "team of dedicated officers, coordinators and managers remain involved in every aspect of each project from start to finish."[2]

### (Misclassification as Independent Contractors)

14. Plaintiffs were employed by Defendant as hourly, non-exempt security workers.

15. Plaintiff Langston was employed for approximately 44 weeks in 2020, and Plaintiff Easley was employed for approximately 17 weeks in 2020. Their hourly rates were both $15.00.

16. Defendant misclassified Plaintiffs as independent contractors.

17. However, as a matter of "economic realities", Plaintiffs should have been classified as employees.

18. For example, Defendant had the power to hire and fire Plaintiffs, it supervised and controlled their work schedules and conditions of employment, it determined their rates and methods of payment, and it maintained employment records.

19. Defendant's website documentation states:

   a. Sentry On-site Security Corp. is an at-will **employer** and reserves the right to **terminate** contract **employees** without cause.

   b. Violation of company policies, unethical behavior, or any form of misconduct may result in disciplinary action or termination of **employment**.

---

[2] http://sostx.us (last viewed on 3/14/21) (emphasis added).

3

        Disciplinary action may include verbal or written warning, suspension, or termination.[3]

20. Defendant identifies the following non-inclusive prohibited conduct that will result in immediate dismissal:

    c. Refusal to work a scheduled shift;

    d. Unexcused no call/no show absence(s);

    e. Unauthorized absence from assigned work area;

    f. Job Performance that is unacceptable;

    g. Insubordination; and,

    h. Any other reason that company feels warrants termination.[4]

### (Failure to Pay for Pre-Shift Work)

21. Plaintiffs were required to arrive at work 10 to 15 minutes before their scheduled shift for "pass on", which involves several shift-change duties.

22. Employees who do not report 10 to 15 minutes early, as required, for "pass on" are subject to discipline.

23. Plaintiffs were not paid any amount for the pre-shift "pass on" work, and such time was not counted as hours worked for purposes of computing overtime.

24. Similarly, if Plaintiffs had to stay late to perform "pass on", such time was also unpaid and not counted as hours worked.

---

[3] http://sostx.us/wp-content/uploads/2020/11/SOS-RULES-REGULATIONS.pdf (last viewed 3/14/21).
[4] *Id*.

25. Plaintiffs performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

26. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs. It could have been precisely recorded for payroll purposes simply by allowing them to clock in when they performed the pre-shift "pass on" duties.

27. This unpaid work performed by Plaintiffs constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

28. Moreover, this unpaid work was an integral and indispensable part of the principle activities performed by Plaintiffs.

29. For example, "pass on" was necessary for security workers to communicate with each other any issues that arose on the proceeding shift and any issues that need addressed on the following shift.

30. They could not perform the jobs they were hired to do without performing "pass on".

31. "Pass on" is an integral and indispensable part of providing "round-the-clock, on-site security coverage" and necessary for security officers to "remain involved in every aspect of each project from start to finish."

**(Failure to Pay Overtime)**

32. Plaintiffs routinely worked 40 or more hours per workweek.

33. For example, Plaintiff worked upwards to 80 hours a week.

34. Plaintiffs were paid on an hourly basis.

35. Because Defendant misclassified Plaintiffs, it did not pay them for hours worked in excess of 40 in a workweek at a rate of not less of one and one-half times their regular rates.

36. Instead, Defendant paid them straight time only for hours worked in excess of 40 in a workweek.

37. Failure to pay Plaintiffs overtime compensation at one and one-half times their regular rates resulted in unpaid overtime in violation of the FLSA.

38. Failure to pay this pre- and/or post-shift compensable work resulted in unpaid overtime in violation of the FLSA.

39. Defendant's violations were knowing and willful.

**(Failure to Keep Accurate Records)**

40. Defendant failed to make, keep and preserve records of the unpaid pre- and/or post-shift work.

41. Because Defendant did not keep records as required by law, Plaintiffs are entitled to a reasonable estimate.

42. The amount of time Plaintiffs spent on their required and unpaid pre- and/or post-shift work amounted to approximately 10 to 15 minutes or more per day.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

43. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

44. Defendant's practice and policy of misclassifying Plaintiffs and not paying them overtime compensation at a rate of at least one and one-half times their regular rates violated the FLSA.

45. Defendant's practice and policy of not paying Plaintiffs for compensable pre- and/or post-shift work performed each day violated the FLSA because it resulted in unpaid overtime compensation.

46. Defendant's failure to keep records of all hours worked each workday and the total hours worked each workweek by Plaintiffs violated the FLSA.

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

48. As a result of Defendant's practices and policies, Plaintiffs have been harmed in that they have not received wages due to them pursuant to the FLSA, and because wages remain unpaid, damages continue.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A. Award Plaintiffs actual damages for unpaid overtime compensation;

D. Award Plaintiffs liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs;

E. Award Plaintiffs pre- and/or post-judgment interest at the statutory rate;

F. Award Plaintiffs attorneys' fees and costs; and,

G. Award Plaintiffs further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (Ohio Bar # 0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:  (614) 824-5770
Facsimile:  (330) 754-1430
Email:  rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio Bar # 0076017)
Shannon M. Draher (Ohio Bar # 0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:  (330) 470-4428
Facsimile:  (330) 754-1430
Email:  hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th of July, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Molly Aspan

>*/s/ Robi J. Baishnab*
>Robi J. Baishnab
>
>*Attorney for Plaintiffs*

9